KALERT HOLDING CORP., Appellant, v. HYMAN GREENBERG, Respondent; WILLIAM I. ALPERT and ABRAHAM ALPERT, Appellants.— Kalert Holding Corp. brought an action in the Supreme Court, Kings county, against Hyman Greenberg to enforce specific performance of a written contract for the purchase and sale of real property. Greenberg brought an action in the City Court against Kalert Holding Corp. and defendants Alpert, alleging that Kalert Holding Corp., the seller, had not complied with the terms of the contract in that it had failed and refused to tender a deed conveying title to the premises in fee simple, and further

alleging that defendants Alpert, attorneys for Kalert Holding Corp., had received from him, pursuant to the terms of the contract, the sum of $1,000, which they refused to return. Judgment was demanded against defendants Alpert for the sum of $1,000, with interest, and against Kalert Holding Corp. for the sum of twenty-five dollars, expended in the examination of title. On motion of Greenberg, the City Court action was transferred to the Supreme Court and the two actions consolidated. In the consolidated action Kalpert Holding Corp. was entitled plaintiff and Greenberg and the Alperts defendants. The matter was referred to an official referee, before whom, at the opening, pursuant to a notice served two weeks previously, counsel for Kalert Holding Corp. moved to amend the complaint by changing the action from one for specific performance to an action for damages for broker's commissions incurred by plaintiff. The reason for the amendment was that as the property had been sold since the action was substituted, plaintiff could not proceed on the complaint as originally drawn. The motion was denied. A motion to adjourn the case to enable plaintiff to make a motion for such relief at Special Term was also denied. A decision was rendered dismissing the complaint and directing that defendant Greenberg have judgment on his counterclaim in the sum of $1,025, with interest and costs. Upon that decision judgment in the sum of $1,185.35 was entered. Plaintiff and defendants Alpert appeal from the judgment and also from what they describe as the " judgment " of the official referee, which, however, is merely a decision in the form of an order and is not appealable. Judgment reversed on the law and a new trial before the official referee granted, with costs to appellants to abide the event. The official referee denied plaintiff's motion to amend its complaint in the manner specified in its notice, served two weeks prior to the trial, and also denied its motion for an adjournment so as to permit plaintiff to move at Special Term for the relief requested. In our opinion the official referee should have permitted the amendment or granted the motion for an adjournment. The effect of his failure so to do resulted in the dismissal of plaintiff's complaint and judgment for respondent on his counterclaim. There should be a trial so the controversy may be decided on the merits. Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.